UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

        Petitioner,

v.                                  CASE NO. 05-CV-70589-DT
                                   HONORABLE DENISE PAGE HOOD

LINDA METRISH,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A STAY
## AND
## GRANTING RESPONDENT'S MOTION FOR ENLARGEMENT OF TIME

This is a habeas corpus action under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for involuntary manslaughter and felony firearm. The grounds for relief read:

1. Petitioner was denied his right to due process of law when Detroit police obtained coercive confession from Ms. Coleman.

2. Petitioner was denied his right to due process of law under proof beyond a reasonable doubt standard.

3. Petitioner was denied his right to due process of law when trial judge gave erroneous jury instruction.

4. Petitioner was denied his state and federal constitutional right to the effective assistance of trial counsel.

5. Petitioner was denied his state and federal constitutional right to the effective assistance of appellate counsel.

6. Petitioner was denied his due process right to a fair sentence.

7. Petitioner was denied his statutory right to the United States'

>   constitutional law when the prosecutor failed to prosecute within
>   180-day rule requirement.

Currently pending before the Court are Respondent's motion to enlarge the time for filing a responsive pleading and Petitioner's motion to stay this action. Respondent seeks an enlargement of 120 days, and Petitioner seeks a stay in order to pursue remedies in state court for an unexhausted claim. The unexhausted claim reads:

> This sentence of 15 to 22½ years were invalid issued on as a 2nd habitual offender, when the trial court first imposed 10-15 years sentence and then vacated that valid sentence, that left the trial court without jurisdiction to hold Petitioner responsible for any offense in which he was convicted, but only as to his prior felonies. This is a separated habitual procedure with no support by statute or court rules.

Federal district courts may stay a petitioner's exhausted claims and allow the petitioner to proceed in state court with his unexhausted claims in limited circumstances. *Rhines v. Weber*, __ U.S. __, __, 125 S. Ct. 1528, 1535 (2005). It is an abuse of discretion to deny a stay if the petitioner shows "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

Petitioner has not shown "good cause" for failing to raise his unexhausted claim on direct appeal. He claims to have newly discovered an error, but the alleged error should have been obvious to him at his sentencing.

In addition, the unexhausted claim is not potentially meritorious. Petitioner appears to be alleging that the trial court lost jurisdiction when it vacated his sentence and then sentenced him as a habitual offender without holding a separate hearing on the habitual offender charge. The habitual offender statute, however, authorizes the sentencing judge to resolve any challenges to

the accuracy or validity of prior convictions at sentencing *or* at a separate hearing. *See* Mich. Comp. Laws § 769.13(6) (emphasis added). Furthermore, an alleged violation of Michigan law fails to state a claim for which habeas relief may be granted, *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris,* 465 U.S. 37, 41 (1984)), and whether the trial court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Thus, even if Petitioner is not engaging in intentionally dilatory litigation tactics, the unexhausted claim is not potentially meritorious, and Petitioner has failed to show good cause for his failure to exhaust the claim. The Court concludes that stay and abeyance are not appropriate here. Accordingly, Petitioner's motion for a stay [Doc. # 6, Apr. 21, 2005] is DENIED. Respondent's motion to enlarge the response time [Doc. # 5, Apr. 14, 2005] is GRANTED. No further action is required by the State, because the responsive pleading was filed on August 16, 2005.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Date: September 2, 2005