UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

                Petitioner,

v.                                    CASE NO. 05-CV-70589-DT
                                      HONORABLE DENISE PAGE HOOD

LINDA METRISH,

                Respondent.
_____/

**ORDER GRANTING A CERTIFICATE OF APPEALABILITY,
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS,
AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Anthony Dwayne Washington has appealed the Court's opinion and judgment denying his habeas corpus petition. He also seeks appointment of counsel and moved this Court to proceed *in forma pauperis*.

The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484. "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

The first habeas claim alleges that the admission in evidence of a witness's statement to the police violated Petitioner's right to due process and a fair trial. The Court determined that Petitioner procedurally defaulted this claim by failing to object at trial.

Reasonable jurists could debate whether Petitioner stated a valid claim of the denial of a constitutional right and whether the Court was correct in concluding that Petitioner's attorney was not "cause" for Petitioner's procedural default. Therefore, a certificate of appealability may issue on claim I.

The second and third habeas claims allege ineffective assistance of trial and appellate counsel. The Court determined that the underlying claims lacked merit and, therefore, Petitioner's attorneys were not ineffective for failing to object at trial or for failing to raise the claims on appeal.

Reasonable jurists, however, could debate the Court's assessment of these claims. Therefore, a certificate of appealability may issue on habeas claims II and III.

In conclusion, a certificate of appealability may issue on all Petitioner's habeas claims. In addition, Petitioner's motion to proceed *in forma pauperis* on appeal [**Doc. 48, Sept. 15, 2006**] is GRANTED. The Court DENIES Petitioner's motion for appointment of counsel [**Doc. 45, Aug. 17, 2006**].

                                                 s/ DENISE PAGE HOOD
                                                 DENISE PAGE HOOD
                                                 UNITED STATES DISTRICT JUDGE

Date: October 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2006, by electronic and/or ordinary mail.

                                                 S/William F. Lewis
                                                 Case Manager