UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

        Petitioner,

v.                                                     Case No. 05-70589

LINDA METRISH,                       Honorable Denise Page Hood

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT [ECF NO. 53]

Petitioner Anthony Dwayne Washington, a state prisoner proceeding *pro se*, has filed a motion for relief from the Court's dispositive opinion and judgment denying his habeas corpus petition. Because the motion lacks merit, the Court will deny it.

### I. Background

In 1997, a Wayne County circuit court jury found Petitioner guilty of involuntary manslaughter and felony firearm. On February 27, 1998, the state trial court sentenced Petitioner to two years in prison for the felony-firearm conviction and to a consecutive term of ten to fifteen years for the manslaughter conviction. The trial court then set aside that sentence and sentenced Petitioner as a habitual offender, second offense, to two years in prison for the felony-firearm conviction

and fifteen to twenty-two and a half years in prison for the manslaughter conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Washington*, No. 211409 (Mich. Ct. App. May 15, 2001), and the Michigan Supreme Court denied leave to appeal. *See People v. Washington*, 465 Mich. 936; 638 N.W.2d 757 (2001). Petitioner sought post-conviction relief in 2002, but the trial court denied his post-conviction motion, and the State's appellate courts denied leave to appeal.

In 2005, Petitioner filed his habeas corpus petition. He asserted seven grounds for relief, but then amended his petition, raising only his three exhausted claims. The exhausted claims alleged that: (1) the police coerced a witness into making a false statement about the crime; (2) trial counsel was ineffective for failing to object to (a) the admission of the witness's statement to the police and (b) a violation of the State's 180-day rule; and (3) appellate counsel was ineffective for failing to raise certain issues on direct appeal.

On July 28, 2006, the Court denied Petitioner's habeas petition. The Court determined that Petitioner's first claim was procedurally defaulted and that his other claims lacked merit. *See* ECF No. 42.

Almost eleven years later on June 7, 2017, Petitioner filed his motion for relief from judgment. He alleges that his state court judgment of sentence was rendered void and, therefore, he was not in custody when he filed his habeas

2

petition and the Court had no jurisdiction to adjudicate his habeas claims. He maintains that his habeas petition was filed erroneously and that this amounted to a fraud on the court. He seeks to have the Court vacate its judgment, treat his state-court judgment as expired, and order the state court to nullify his criminal conviction and to expunge the conviction from all state records.

## II. Analysis

Petitioner brings his motion under Federal Rule of Civil Procedure 60(d)(3), which permits a court to set aside a judgment for fraud on the court.

> Fraud on the court consists of conduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Carter [v. Anderson,* 585 F.3d 1007, 1011 (6th Cir. 2009)] (citing *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993)). Petitioner has the burden of proving existence of fraud on the court by clear and convincing evidence. *Id.* at 1011–12 (citing *Info–Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008)).

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010).

Petitioner's contention that his state-court judgment was vacated is misleading. It is true that the trial court initially sentenced Petitioner to imprisonment for ten to fifteen years for involuntary manslaughter and then vacated that sentence. *See* Mot. for Relief from J., Ex. A. But the court immediately re-sentenced Petitioner as a habitual offender under Mich. Comp.

3

Laws § 769.10 to imprisonment for fifteen to twenty-two and a half years. *See id*. Thus, Petitioner was in custody under a valid state-court judgment when he filed his habeas petition, and this Court had jurisdiction to adjudicate his claims. No fraud on the court occurred. Accordingly, the Court denies Petitioner's motion for relief from judgment (ECF No. 53).

### III. Denial of a Certificate of Appealability

To the extent a certificate of appealability is necessary to appeal this Court's decision, the Court notes that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show that reasonable jurists could debate whether the pleading could have been resolved differently or that the claims raised deserve further review. *Johnson*, 605 F.3d at 339 (citing *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003)).

Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate whether his motion could have been resolved differently or whether his claim deserves further review. The Court, therefore, declines to issue a certificate of appealability. Petitioner may apply to the Court of Appeals for a certificate of appealability.

                                      S/Denise Page Hood
                                      Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager